**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE JACQUET,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC., and DOES 1 through 10, inclusive,<br>Defendants. | No. 2:26-cv-06046-AJR<br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. 7)** |

## I.

## INTRODUCTION

On March 11, 2026, Plaintiff Michelle Jacquet ("Plaintiff") filed a Complaint alleging violations of the Song-Beverly Consumer Warranty Act (the "Complaint") in the Los Angeles County Superior Court against Defendant Nissan North America, Inc. ("Defendant") and Does 1 through 10, inclusive. (Dkt. 1-1.) On March 13, 2026, Plaintiff effectuated service of the Complaint on Defendant. (Dkt. 1 at 1.) On April 9, 2026, Defendant filed an Answer in the Los Angeles County Superior Court. (Dkt. 1-2.) On June 4, 2026, Defendant filed a Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of

Removal"). (Dkt. 1.)

On July 6, 2026, Plaintiff filed a Motion to Remand (the "Motion to Remand") this action to the Los Angeles County Superior Court. (Dkt. 7.) On July 22, 2026, Defendant filed an Opposition (the "Opposition"). (Dkt. 9.) On July 29, 2026, Plaintiff filed a Reply to the Opposition (the "Reply"). (Dkt. 10.)

The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkts. 4-5.) For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand. (Dkt. 7.)

## II.

## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited

jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

**III.**

**RELEVANT ALLEGATIONS IN THE COMPLAINT**

Plaintiff's Complaint alleges four causes of action under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1791, *et seq.*, arising out of her December 12, 2024 lease of a 2025 Infiniti QX60 (the "Subject Vehicle"). (Dkt. 1-1 at 3, 5-8.) Specifically, Plaintiff alleges causes of action for breach of express warranty, breach of implied warranty, failure to repair in a good and workmanlike manner, and failure to repair within thirty days. (Id. at 5-8.) Plaintiff's Complaint is silent as to the parties' citizenship. (See generally Dkt. 1-1.)

Plaintiff alleges that her vehicle had a gross capitalized cost of $56,042.00. (Id. at 3.) Plaintiff alleges that she first presented the Subject Vehicle for repairs on February 6, 2025 with 2,562 miles with "active noise control system malfunction, and other defects." (Id.) Plaintiff further alleges that she delivered the vehicle for repair of defects on May 27, 2025, with 7,886 miles, on September 12, 2025, with 12,296 miles, on December 29, 2025, with 17,391 miles, and on January 26, 2026, with 18,651 miles. (Id. at 3-4.)

Plaintiff seeks equitable, actual, general, special, and statutory damages. (Id. at 8.) Plaintiff alleges that Defendant's conduct was willful and therefore seeks civil penalties of up to two times the amount of actual damages. (Id. at 6, 8.) Finally, Plaintiff seeks attorneys' fees and costs. (Id. at 8.)

## IV.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant removed the action based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1446. (Dkt. 1 at 1.) Defendant explains that although the Complaint is silent as to Plaintiff's citizenship or residence, Defendant's preliminary investigation concluded that Plaintiff resided in California when she leased the Subject Vehicle, and on other occasions, establishing a plausible basis for intent to remain in California and providing a plausible basis for citizenship. (Id. at 2-3.) Defendant further states that it is a citizen of Tennessee. (Id. at 3.)

With regard to the amount in controversy, Defendant points to the language in the Complaint seeking general and compensatory damages, as well as civil penalties up to two times Plaintiff's actual damages, attorneys' fees, prejudgment interest, and other relief as the Court may deem proper. (Id.) Defendant explains that under the Song-Beverly Consumer Warranty Act, a plaintiff's actual damages for breach of warranty are an amount equal to the actual price paid or payable by the buyer less applicable offsets. (Id. (citing Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b)).) Defendant contends that while Plaintiff does not plead a specific amount of actual damages, Defendant's preliminary investigation revealed that the actual damages sought are $28,304 (the total amount of payments under the lease of the Subject Vehicle) less deductions, such as mileage offset. (Id. at 4.) Defendant estimates $4,124.92 in total deductions including estimates of mileage offset, manufacturer rebates, and negative equity with a further $665 added for vehicle registration fees. (Id.) Thus, Defendant contends that its preliminary investigation "yield[ed] a plausible estimate of actual damages of $24,847.08." (Id.)

Defendant states that its "preliminary investigation into the vehicle repair history and related case history revealed that Plaintiff is more likely than not to seek civil penalties in this matter, and it would thus be reasonable to include civil

penalties, tied to the actual damages calculated, in the amount in controversy." (Id. at 4-5.) Defendant further states that based on its "prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is at least $5,000." (Id. at 5.) Additionally, Defendant's "assessment is that this case is not likely to resolve, conservatively including fees from work up for even just 6 months post-removal results in an amount in controversy that well exceeds the jurisdictional threshold." (Id.) Defendant contends that "the available information provides a plausible basis to conclude that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (Id.)

## V.

## DISCUSSION

The parties agree that diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (See Dkt. 7 at 4, 8.) However, Plaintiff moves to remand this action on the grounds that Defendant's removal was untimely. (Id. at 5-7.) Specifically, Plaintiff contends that the basis for removal "was ascertainable from the Complaint and other documents." (Id. at 6.) Accordingly, Plaintiff argues that Defendant had 30 days from March 12, 2026, the day it was served with the Complaint, to file its Notice of Removal. (Id.) By contrast, Defendant contends that the Complaint did not trigger the 30-day deadline to remove because the amount in controversy and Plaintiff's citizenship were indeterminate. (Dkt. 9 at 10.) Thus, the resolution of Plaintiff's Motion to Remand turns on whether the amount in controversy and citizenship were sufficiently clear from the face of the Complaint. For the reasons set forth below, the Court concludes that the grounds for removal were not sufficiently clear from the face of the Complaint and the Notice of Removal was therefore timely. The

Court also concludes that Defendant met its burden on removal of establishing subject matter jurisdiction. Therefore, Plaintiff's Motion to Remand is DENIED.

**A. The Grounds For Removal Were Not "Set Forth" On The Face Of Plaintiff's Complaint.**

The Ninth Circuit has explained that there are three pathways for removal of an action from state court. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose 30-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by Section 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1) (emphasis added). The second pathway is set forth by Section 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

The third pathway is based on the interaction of Section 1446 with Section 1441. See Roth, 720 F.3d at 1125. Section 1441(a) states that "[e]xcept as

otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125. Thus, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123. The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

Here, Defendant removed this action pursuant to the second pathway set forth above after "Plaintiff's initial disclosures . . . made the grounds for removal clear and unequivocal." (Dkt. 1 at 9 (internal quotation marks omitted).) Defendant contends that the Complaint did not trigger its duty to remove under 28 U.S.C. § 1446(b)(1) because the Complaint is indeterminate as to the amount in controversy and Plaintiff's citizenship. (Id. at 9.) By contrast, Plaintiff contends that Defendant's removal was untimely because service of the Complaint on March 12, 2026 triggered the 30-day deadline to remove the action under the first pathway, 28 U.S.C. § 1446(b)(1). (Dkt. 7 at 6.) Specifically, Plaintiff asserts that the 30-day deadline to remove was triggered under Section 1446(b)(1) because removability "was ascertainable from the Complaint and other documents." (Id.) As explained below, the Court concludes that the grounds for removal were not set forth on the face of the Complaint.

**1. Plaintiff's Complaint Is Indeterminate As To The Amount In Controversy.**

The amount in controversy is not ascertainable from the face of the complaint and thus, the first 30-day deadline was not triggered. See Harris, 425 F.3d at 690-91. As set forth above, Plaintiff alleges that she leased the Subject Vehicle "with a gross capitalized cost of $56,042.00." (Dkt. 1-1 at 3.) However, the gross capitalized cost "is not the proper measure of actual damages for a lessee's Lemon Law Claim." McCann v. Ford Motor Co., 2026 WL 1399498, at *2 (S.D. Cal. May 19, 2026). This is because under the Song-Beverly Act, recovery is limited to the "actual price paid or payable to the buyer." Cal. Civ. Code § 1793.2(d)(2)(B). However, "if a plaintiff leased the subject vehicle rather than purchased it . . . the calculation of actual damages is slightly different." Gomez v. Nissan N. Am., Inc., 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025).

In the case of a lease, "district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." Longoria v. Ford Motor Co., 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022). Indeed, "a lease situation differs from a purchase inasmuch as the actual amount paid on the lease and the mileage offset could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car." Cuevas v. Ford Motor Co., 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022). Accordingly, while Plaintiff alleges the gross capitalized cost of the Subject Vehicle, this amount does not inform Defendant of the amount Plaintiff has actually paid on her lease.

Plaintiff argues that Defendant's ability to calculate actual damages from the same gross capitalized cost defeats its argument that the Complaint was indeterminate as to the amount in controversy. (Dkt. 10 at 3.) However, Defendant's Notice of Removal does not state that it calculated actual damages from

the gross capitalized cost. (See generally Dkt. 1.) Instead, Defendant states that its "preliminary investigation revealed that actual damages sought are $28,304 (the total amount of payments under the lease of the Subject Vehicle) less deductions . . . ." (Id. at 4.) The Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694; see also Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1141 (9th Cir. 2013) ("BMW was not obligated to supply information which [plaintiff] had omitted."). Thus, because the Complaint does not include any allegation informing Defendant of the amount Plaintiff actually paid on her lease, the Complaint is indeterminate as to the amount in controversy.

**2. Plaintiff's Complaint Is Also Indeterminate As To Citizenship.**

Even if the Complaint had sufficiently alleged the amount in controversy, which it did not, the Court would still conclude that Defendant's 30-day deadline for removal was not triggered under the first pathway because the Complaint is also indeterminate as to Plaintiff's citizenship. A person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Complaint does not include any allegation regarding Plaintiff's citizenship. (See generally Dkt. 1.) Accordingly, diversity of citizenship is not ascertainable from the face of the Complaint and Defendant was not required to remove within the 30-day period pursuant to 28 U.S.C. § 1446(b)(1).

Plaintiff argues that Defendant possessed knowledge of her citizenship prior to the commencement of this action. (Dkt. 7 at 6.) Specifically, Plaintiff asserts that Defendant directly mailed its February 11, 2026 denial of Plaintiff's pre-litigation request to her Los Angeles County residence and that Defendant's "customer

service records, warranty records, and dealership records should also contain Plaintiff's same address." (Id.) Accordingly, Plaintiff contends that Defendant "plainly possessed actual knowledge of Plaintiff's citizenship when it sent its denial of Plaintiff's repurchase demand to her home address shortly before the Complaint was filed." (Dkt. 10 at 2.)

It is unclear whether Plaintiff is arguing that Defendant's pre-litigation document triggers the removal deadline on its own pursuant to Section 1446(b)(2) or whether Plaintiff contends that the pre-litigation document combined with the Complaint trigger the removal deadline under Section 144(b)(1). However, the Ninth Circuit has expressly foreclosed both arguments. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885-86 (9th Cir. 2010). In Carvalho, the Ninth Circuit held that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." Id. at 886. Moreover, the Ninth Circuit also rejected the argument that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." Id. Thus, pre-litigation documents did not trigger either of the removal deadlines under Section 1446(b).

**C. Defendant's Notice of Removal Plausibly Alleges Diversity Jurisdiction.**

Under 28 U.S.C. § 1446(a), a defendant's notice of removal must be signed pursuant to Federal Rule of Civil Procedure 11 and include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." The Supreme Court has explained that where removal is based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC, v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is controversy is required by

§1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id.

Plaintiff's Motion to Remand does not challenge the accuracy of Defendant's allegations in the Notice of Removal. (Dkt. 7 at 4.) Instead, in her Reply, Plaintiff argues for the first time that Defendant "has not proven that the amount in controversy exceeds $75,000 by a preponderance of the evidence." (Dkt. 10 at 4.) However, this argument was raised for the first time in the Reply and is therefore waived. See, e.g., Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); Dytch v. Yoon, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (collecting cases); Rosita M. Stewart v. Gen. Motors LLC, 2025 WL 2848991, at *4 (C.D. Cal. Oct. 7, 2025) ("Plaintiffs have waived this argument by failing to raise it in their initial brief."). Accordingly, the Court concludes that Plaintiff did not challenge the accuracy of Defendant's allegations regarding the amount in controversy and therefore Defendant was not required to present evidence to establish that the amount in controversy met the jurisdictional threshold. See Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019) ("In short, Cox alleged the parties' citizenships based on information and belief in its notice of removal. And, because Ehrman asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, those allegations were sufficient. No evidence was required." (citation omitted)); NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) ("Only upon a factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof."). Instead, Defendant was only required to plausibly allege diversity jurisdiction with a "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); see Ehrman, 932 F.3d at 1228.

The Court concludes that Defendant plausibly alleged the grounds for diversity jurisdiction in the Notice of Removal. As set forth above, the Notice of

Removal states that Defendant's "preliminary investigation concluded that Plaintiff resided in California when she leased the [S]ubject [V]ehicle, and on other occasions, establishing a plausible basis for intent to remain in California and providing a plausible basis for citizenship." (Dkt. 1 at 2-3.) The Notice of Removal further states that Defendant is a citizen of Tennessee. (Id. at 3.) Thus, the Notice of Removal plausibly alleges complete diversity.[1]

With regard to the amount in controversy, the Notice of Removal states that based on a preliminary investigation, Defendant estimates that the actual damages sought are $28,304, the total amount of payments under the lease of the Subject Vehicle. (Id. at 4.) The Notice of Removal further states that Defendant estimates $4,124.92 in total deductions including estimates of mileage offset, manufacturer rebates, and negative equity with a further $665 added for vehicle registration fees. (Id.) Thus, the Notice of Removal states that Defendant's preliminary investigation "yields a plausible estimate of actual damages of $24,847.08." (Id.) The Notice of Removal further alleges that it would be "reasonable to include civil penalties, tied to the actual damages calculated." (Id.) The Notice of Removal states that based on Defendant's "prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (Id. at 5.) Finally, the Notice of Removal states that "the available information provides a plausible basis to conclude that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (Id.) Thus, the Notice of Removal plausibly alleges that the amount in controversy exceeds the jurisdictional threshold.[2]

---

[1] Indeed, Plaintiff affirmatively argues that complete diversity exists and was apparent from the face of the Complaint. (Dkt. 7 at 7 ("Both the amount in controversy and Plaintiff's citizenship were ascertainable from the Complaint and other documents.").)

[2] Indeed, Plaintiff affirmatively argues that the jurisdictional threshold for the (cont'd . . .)

In sum, the Court concludes that Plaintiff did not challenge the accuracy of Defendant's allegations as to the amount in controversy and therefore Defendant was not required to present evidence to establish that the amount in controversy met the jurisdictional threshold. The Court further concludes that the Notice of Removal plausibly alleges the existence of subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000.

**D. Plaintiff's Request For Attorneys' Fees And Costs Is Denied.**

Plaintiff seeks an award of attorney's fees and costs for having to bring the Motion to Remand. (Dkt. 7 at 8-9.) However, 28 U.S.C. § 1447(c) only authorizes an award of fees and costs where a court grants a motion to remand. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Here, the Court has determined that it must deny Plaintiff's Motion to Remand. Accordingly, no fees or costs are authorized.

## VI.

## ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand is DENIED. (Dkt. 7.)

IT IS SO ORDERED.

DATED: October 7, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

---

amount in controversy is met and was apparent from the face of the Complaint. (Dkt. 7 at 7 ("Both the amount in controversy and Plaintiff's citizenship were ascertainable from the Complaint and other documents.").)